USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/15/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
MAURICE ADAMS,                      :
                                    :
            Plaintiff,              :
                                    :        **MEMORANDUM DECISION**
        - against -                 :
                                    :        09 Civ. 1722 (DC)
ATRIUM TRADING GROUP,               :
                                    :
            Defendant.              :
                                    :
- - - - - - - - - - - - - - - - - -x
                                    :
MAURICE ADAMS,                      :
                                    :
            Plaintiff,              :
                                    :
        - against -                 :        09 Civ. 1775 (DC)
                                    :
CHRISTIAN DIOR, INC.,               :
                                    :
            Defendant.              :
                                    :
- - - - - - - - - - - - - - - - - -x

**CHIN, District Judge**

       In these two cases, pro se plaintiff Maurice Adams has filed the Court's form complaint for pro se employment discrimination claims. Plaintiff sues pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act (the "ADA"), the New York State Human Rights Law, and the New York City Human Rights Law.

       These two cases follow eleven virtually identical cases, against different defendants, that I dismissed previously. See Maurice Adams v. Foot Locker Retail, Inc., Nos. 08 Civ. 5627, 6210, 6212, 6213, 6214, 7163, 7295, 7555, 7556, 7788, 8020 (DC), 2008 WL 5068965 (S.D.N.Y. Nov. 19, 2008). Like the eleven previous complaints, the complaints at issue use vague language

and are based on general allegations of societal discrimination. Plaintiff fails to detail the positions he has applied for; when he applied; his qualifications for these positions; and who was hired instead of him.  After a review of the two instant complaints, I concluded that plaintiff's allegations do not give defendants adequate notice of his claims.  Accordingly, on March 5, 2009, I ordered plaintiff to show cause by April 6, 2009 why the complaints should not be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  I explained to plaintiff that he was required to submit additional material to the Court detailing why his complaints should not be dismissed.  See McEachin v. McGuinnis, 357 F.3d 197, 201 (2d Cir. 2004) (sua sponte dismissals not favored without giving pro se litigants an opportunity to amend).

Plaintiff failed to respond to the March 5, 2009 order. Even granting pro se plaintiff's complaints the leniency they are due and interpreting them "to raise the strongest arguments that they suggest," plaintiff's complaints fail to state a claim upon which relief can be granted.  Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quotations omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  The complaints simply do not state a claim of discrimination under Title VII.

At the pleadings stage, plaintiff's complaints must only satisfy Fed. R. Civ. P. 8(a), which calls for "a short and plain statement of the claim."  Here, plaintiff's complaints do not provide enough detail to state a plausible claim for relief.

Plaintiff's complaints do not contain any specifics regarding the positions he applied for, his qualifications, or the circumstances under which he failed to obtain the positions. Without such basic details, the complaints must be dismissed for failure to state a claim.

For the reasons stated above, plaintiff's complaints are dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close the cases.

SO ORDERED.

Dated:   New York, New York
         April 15, 2009

                                    _____
                                    DENNY CHIN
                                    United States District Judge